OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the rights of the parties under article V of the trust agreement of July 30, 1964 declared in accordance with this memorandum.
This action involves a dispute over the election of trustees and interim trustees to fill unexpired terms on the Board of the New York Navy League Scholarship Fund. The Fund was created in July 1964 by a trust instrument executed by the New York *1151 Council, Navy League of the United States, which appointed certain named trustees and assigned assets to them to administer and distribute to members of Navy families. Over the years, as trustees resigned or died, they were replaced by elections of the Board of Trustees, acquiesced in by the Council. In December 1980 and May 1981 vacancies occurred because of the deaths of two trustees during their terms. The Board of Directors of the Council, acting in accordance with the instructions of the trust instrument as they read it, selected a nominating committee and transmitted its nominations to the Board of Trustees for consideration at their next annual meeting.
At that meeting in December 1981 the trustees rejected the nominations of the Council’s committee and instead elected their own candidates.
Plaintiff, president of the Council, brought this action for declaratory judgment, claiming that the trust agreement required that vacancies on the Board of Trustees be filled only by nominees selected by the Council’s nominating committee. Defendants, undisputed members of the Board of Trustees, contended that they had the right to fill the vacancies and were not required to abide by the Council’s nominations. On the parties’ cross motions for summary judgment, Special Term vacated the elections insofar as the newly elected trustees continued to fill the vacancies for the unexpired terms, holding that the Board must select successor trustees to fill such unexpired terms from candidates designated by the Council’s nominating committee, although the trustees could reject specific nominees and request new names. It also held that upon the expiration of a former trustee’s term, the trustees were free to select whoever they wished, without regard to candidates suggested by the nominating committee.
On plaintiff’s appeal, the Appellate Division modified by vacating the elections in their entirety. It declared the trust agreement mandated that the Board of Trustees consider persons designated by the Council’s nominating committee in all instances where vacancies are to be filled, except when trustees succeeded themselves. It also held that the Board of Trustees must choose from the candidates selected by the Council’s nominating committee, although they could reject the names submitted and request additional ones.
Article V designates the original trustees and then provides: “Thereafter, on each year commencing with the annual meeting of the Board of Trustees to be held September 9, 1965 two trustees shall be elected by the majority vote of the trustees then *1152 in office to serve for three years or until their respective successors are elected and qualify * * * In the event of a vacancy in an office of trustee, or in the event the office óf a trustee, whose term shall have been completed shall not be filled at an annual meeting or duly taken adjournment thereof, the Secretary of the Board of Trustees shall notify the President and Secretary of the New York Council of the Navy League of the United States and through its Board of Directors the Council shall promptly select a Nominating Committee and the nominations of the Nominating Committee shall be transmitted for consideration by the Board of Trustees at its next meeting.”
We interpret the provisions of article V to permit election to the Board of Trustees to fill an expired term at an annual meeting by election of a majority vote of the trustees then in office without any requirement that nominees submitted by the Council be considered. However, if a mid-term vacancy occurs in the office of trustee or if a vacancy created by an expired term is not filled at an annual meeting, then plaintiff shall be notified and a nominating committee selected by it may select names of nominees to fill such vacancies which it may transmit to the Board of Trustees for consideration at its next meeting. The nominees selected shall be considered by defendant’s trustees but are not binding on them.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur in memorandum.
Order reversed, etc.